**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ERIC BUSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-21-CMS |
| | ) | |
| SARAH WOMACK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's application to proceed without prepaying costs or fees, ECF No. 2, and motion for appointment of counsel, ECF No. 3. After considering the application and financial information provided, the Court will grant the application and assess an initial partial filing fee of $2.64. *See* 28 U.S.C. § 1915(b)(1). The motion for appointment of counsel will be denied. Additionally, for the reasons discussed below, the Court will order Plaintiff to file an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

1

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff is a state court prisoner currently being held at Eastern Reception Diagnostic and Correctional Center in Bonne Terre, Missouri. ECF No. 1. In support of his motion to proceed without prepaying fees and costs, Plaintiff submitted an inmate account statement showing average monthly deposits of $9, and an average monthly balance of $13.19 over the six-month period prior to case initiation. ECF No. 4. The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $2.64, which is twenty percent of Plaintiff's average monthly balance. *See* 28 U.S.C. § 1915(b)(1).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded

2

facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the Court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

On January 6, 2026, Plaintiff filed the instant action against Sarah Womack, Aramark Food Service Director, and M. Martin, Food Service Manager II. ECF. No. 1 at 2-3. Plaintiff alleges that his religious dietary rights are being violated. *Id*. at 4. Plaintiff is Jewish and only eats a "Certified Religious Diet" (CRD). *Id*. He alleges that "food service has and is intentionally violating our federally protected rights to eat prepackaged (un-opened Kosher food)." *Id*. He lists several complaints about the food including that food is open, peanut butter is being put in small containers, and there is no Rabbi present to bless the food. *Id*.

For injuries, Plaintiff states his mental health suffered. *Id*. He also states that he believes his food will be poisoned. *Id*. For relief, Plaintiff seeks $12,000 from each defendant, Kosher

3

meals, and Kosher-certified inmates working in food service. *Id.* at 5. Plaintiff also wants to work in the CRD room and to pick his own crew to work with him. *Id*.

On March 9, 2026, Plaintiff filed a supplement to his complaint. ECF No. 5. This supplement asserted that Plaintiff would like to proceed under the Religious Land Use and Institutionalized Persons Act (RLUIPA). *Id*. at 2. He also clarified that he is not requesting money damages for himself but rather wants any money damages to be donated to the federal government to fund the CRD. *Id*.

## Discussion

Having thoroughly reviewed and liberally construed Plaintiff's complaint, the Court concludes that his claims are subject to dismissal. However, in consideration of Plaintiff's self-represented status, the Court will allow him to file an amended complaint.

Plaintiff does not make any allegations against the defendants in his complaint. Instead, he provides only general criticisms of food services. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that *the defendant* is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (emphasis added). Here, there is no basis to determine whether either defendant is liable for the alleged religious violations, as Plaintiff in no way connects the defendants to these violations in his complaint.

Further, Plaintiff mentions a preliminary injunction in his supplement to his complaint. ECF No. 5 at 5. If this is intended as a request for relief, Plaintiff must file a separate motion seeking such relief. The Court warns Plaintiff that "[a] court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the

4

conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (internal citation omitted).

In consideration of Plaintiff's self-represented status, the Court will give him the opportunity to submit an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims Plaintiff wishes to bring. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must follow Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires Plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be **simple, concise and direct**. Rule 10 requires Plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Plaintiff's failure to make specific factual allegations against any defendant will result in the dismissal of that defendant. If Plaintiff seeks to sue multiple defendants, he must establish the responsibility of each defendant for the alleged harm. For each defendant, Plaintiff must allege facts showing how that defendant's acts or omissions violated his constitutional rights. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). Conclusory allegations about a defendant's supervisory role will not suffice. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.") (citation and internal quotation marks omitted).

In the "Statement of Claim" section, Plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, Plaintiff should: (1) set forth the factual allegations supporting his claim against that defendant; (2) state what constitutional or

federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in his/her individual capacity or official capacity. If Plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. No introductory or conclusory paragraphs are necessary.

Plaintiff must not amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief. If Plaintiff fails to file an amended complaint within thirty (30) days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

**Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. ECF No. 3. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

6

After reviewing these factors, the Court finds that the appointment of counsel is not warranted currently. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that Plaintiff cannot investigate the facts and present his claims to the Court. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED** at this time without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's application to proceed without prepaying costs or fees (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial filing fee of $2.64 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint on the Court-provided form in accordance with the instructions stated above within **thirty (30) days** of the date of this Order. Plaintiff is advised that his amended complaint will take the place of his original filing and will be the only pleading that this Court will review.

7

**IT IS FINALLY ORDERED** that if Plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

Dated this 5th day of May, 2026.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE